UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| DEMETREOUS BROWN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2364 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| ERIC HOLDER *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter is before the court on the defendants' motion to dismiss. The *pro se* plaintiff, a federal prisoner, commenced this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, challenging his designation to a low-security Federal Bureau of Prisons ("BOP") facility. Because the court lacks jurisdiction to hear the plaintiff's claim, the court grants the defendants' motion.

## II. FACTUAL & PROCEDURAL HISTORY

After entering a guilty plea to numerous drug and firearms-related offenses, the plaintiff was sentenced by the United States District Court for the Southern District of Indiana to 220 months of incarceration. Compl. ¶ 1. At some point thereafter, the plaintiff was resentenced to 168 months of incarceration. *Id*. ¶ 13. On December 14, 2009, the plaintiff filed suit in this court, alleging that the defendants had violated the APA by failing to reclassify his security level

and re-designate him to a minimum-security facility in light of his new sentence.[1] *See generally id*. The defendants filed a motion to dismiss on May 28, 2010, arguing that the court lacks jurisdiction over the plaintiff's claim or, alternatively, that the plaintiff has not stated a claim upon which relief can be granted. *See generally* Defs.' Mot. With the motion now fully briefed, the court turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

#### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the

---

[1] The BOP classifies an inmate and designates him to a particular facility based on multiple factors including the level of security and supervision he requires, the amount of time remaining on his sentence, whether he has a history of violence and his disciplinary history. *See* Defs.' Mot., Ex. A (BOP Program Statement 5100.08 Ch. 4), Ex. B (BOP Program Statement 5100.08 Ch. 6).

burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's Claim

The defendants argue that the BOP's decision regarding the plaintiff's security designation is exempt from judicial review under the APA. Defs.' Mot. at 10-12. The plaintiff contends that his claim is properly before this court. Pl.'s Opp'n at 5-9.

The APA generally affords judicial review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001). A court may not review an agency action, however, where "(1) statutes preclude judicial

review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). The APA's ban on judicial review of such actions is jurisdictional. *Balt. Gas & Elec. Co. v. Fed. Energy Regulatory Comm'n*, 252 F.3d 456, 459 (D.C. Cir. 2001) (holding that "[t]he ban on judicial review of actions 'committed to agency discretion by law' is jurisdictional"); *Patent Office Prof'l Ass'n v. Fed. Labor Relations Auth.*, 128 F.3d 751, 753 (D.C. Cir. 1997) (noting that "agency actions are not reviewable under [the APA] if other statutes preclude judicial review").

The federal statute governing the BOP's authority expressly strips this court of jurisdiction to review certain decisions made by BOP officials. 18 U.S.C. § 3625 (stating that the relevant portions of the APA "do not apply to the making of any determination, decision or order under this subchapter"). It is well settled that this exclusion applies to cases in which federal inmates are challenging their security classifications and facility designations. *See, e.g.*, *Tiger v. Holder*, 2010 WL 2196545, at *1 (D.D.C. June 1, 2010) (dismissing the prisoner plaintiff's claim challenging his prison security classification because the BOP's determination of his place of confinement is not subject to judicial review under the APA); *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 16 (D.D.C. 2010) (concluding that the plaintiff had "no right of action under the APA arising from the recalculation of his [History of Violence] score because BOP decisions involving custody classification and place of confinement are expressly exempt by statute from judicial review under the APA"); *Brown v. Fed. Bureau of Prisons*, 602 F. Supp. 2d 173, 175-76 (D.D.C. 2009) (denying as futile the prisoner plaintiff's motion for leave to amend his complaint to bring an APA claim because his "place of imprisonment, and his transfers to other federal facilities, are governed by 18 U.S.C. § 3621(b), which is specifically exempt from challenge under the APA"); *cf. Musquiz v. Grondolsky*, 2010 WL 2105939, at *3

(D. Mass. May 21, 2010) (stating that the BOP has "virtually unlimited discretion to place inmates wherever it deems appropriate" and that the court "does not have jurisdiction to review those decisions"); *Fox v. Lappin*, 409 F. Supp. 2d 79, 89 (D. Mass. 2006) (noting that "judicial review of individual determinations under those statutes governing inmate placement, transfer, release and early release . . . is precluded under section 706 of the APA").  Accordingly, the plaintiff's complaint must be dismissed because this court lacks jurisdiction to review the BOP actions challenged by the plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of March, 2011.

RICARDO M. URBINA
United States District Judge